United States District Court
Southern District of Texas
FILED

JAN 30 2014

David J. Bradley, Clerk of Court

UN-SEALED PER 2/3/14
Minutes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | UNDER SEAL **14-0048** |
| v. | § § | CRIMINAL NO. H- |
| REBECCA LEE RABON TIFFANY NICOLE THOMPSON | § § § § § | 18 U.S.C. § 2 18 U.S.C. § 1349 18 U.S.C. § 1347 18 U.S.C. § 1341 18 U.S.C. § 1028A |

Sealed
Public and unofficial staff access to this instrument are prohibited by court order.

## INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### Conspiracy in violation of 18 U.S.C. § 1349

#### A. INTRODUCTION

At all times material to this indictment:

1. Title 18, United States Code, Section 24(b) defines a health care benefit program as any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. TRICARE and BLUE CROSS and BLUE SHIELD of Texas (hereinafter "BCBSTX") were health care benefit programs as defined in Title 18, United States Code, Section 24(b).

#### THE DEFENDANTS

2. REBECCA LEE RABON, defendant herein, at all times relevant, was a resident of the state of Texas, a speech therapist licensed in the state of Texas, and the owner of Rabon

Communication Enhancement, PLLC, (hereinafter "RCE") a business located in Sugarland, Texas 77478.

3. TIFFANY NICOLE THOMPSON, (nee NORWOOD) defendant herein, at all times relevant, worked at RCE in various roles, including as the office manager and biller of claims to insurance companies.

## THE TRICARE PROGRAM

4. TRICARE was the managed health care program established by the Department of Defense for the delivery and financing of health care services to active duty service members, service families, retirees and their families and survivors, pursuant to 10 U.S.C. §§ 1071 and 32 CFR 199. TRICARE was a blend of the military's direct care system of hospitals and clinics, and the Civilian Health and Medical Program of the Uniformed Services (CHAMPUS).

5. TRICARE was divided into different geographic health service regions for the purpose of program management and support. Humana Military, a division of Humana Government Business was the South Region Contractor responsible for TRICARE in Texas. All regional contractors were required to pay TRICARE claims within certain filing time limits or pay interest on claims.

6. TRICARE offered several health care plan options. Speech therapy was a covered TRICARE benefit when it was medically necessary to treat speech, language and voice dysfunctions resulting from various conditions, including congenital anomalies, disease, injury, hearing loss, and pervasive developmental disorders that prevented or diminished an individual's ability to communicate.

7. Beneficiaries with TRICARE insurance were permitted to see network and non-network providers of services. Network providers had an agreement with a TRICARE regional

contractor that included negotiated payment rates, and terms of payment for services. Non-network providers were certified by the regional contractor, but did not have an agreement regarding the filing of claims and payment for services.

## THE BLUE CROSS AND BLUE SHIELD PROGRAM

8.  BCBSTX was a subsidiary of Health Care Service Corporation, a nationwide private health insurance company. BCBSTX offered a variety of employer funded health insurance programs. BCBSTX covered speech therapy as benefit when among other things, it was prescribed by a licensed physician to restore or improve the function of a patient who had impaired physical function of phonation or swallowing, due to a variety of medical conditions including disease, trauma, and congenital anomalies. BCBSTX had its own network of participating physicians and professional service providers, such as speech therapists, who signed agreements with BCBSTX regarding the rates charged for services, terms of payment, the submission of claims for payment, and other matters.

## THE CPT® CODES

9.  The American Medical Association Current Procedural Terminology ("CPT®") was a list of descriptive terms and codes designed to be used as a uniform and accurate method of reporting and communicating medical services and procedures between physicians, health care providers, patients, and third parties. The following CPT® codes were used by RCE to submit claims to TRICARE and BCBSTX:

    a.  CPT® code 92506 intended for the evaluation of speech, language, voice, communication, and or auditory processing.

    b.  CPT® code 92507 intended for the treatment of speech, language, voice, communication, and or auditory processing disorder, individual treatment.

c. CPT® code 92526 intended for the treatment of swallowing dysfunction and or oral function for feeding.

d. CPT® code 97530 intended when a physician or therapist had direct one-on-one patient contact for therapeutic activities to improve functional performance.

e. CPT® code 99215 intended for the evaluation and management of an established patient with 2 out of 3 key components such as a comprehensive history, a comprehensive examination, or medical decision making of high complexity, and during which the physician typically spent 40 minutes face-to-face with the patient or patient's family due to a moderate to high severity of presenting problem.

f. CPT® code 99245 intended for the evaluation and management of an established patient with a comprehensive history, a comprehensive examination, and medical decision making of high complexity, and during which the physician typically spent 80 minutes face-to-face with the patient or patient's family due to a moderate to high severity of presenting problem.

## B. THE CONSPIRACY

10. Beginning on or about January 21, 2009, and continuing thereafter to on or about November 11, 2013, in the Houston Division of the Southern District of Texas, and elsewhere, defendant,

**REBECCA LEE RABON
and
TIFFANY NICOLE THOMPSON**

did knowingly and willfully, combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely to execute and attempt to execute a scheme and artifice to defraud a health care benefit program, namely TRICARE and BCBSTX, and to obtain money owned by and under the custody and

control of TRICARE and BCBSTX by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services in violation of Title 18, United States Code, Section 1349.

## OBJECT OF THE CONSPIRACY

11. It was the object of the conspiracy to unlawfully enrich the defendants by submitting false and fraudulent claims for payment to TRICARE and BCBSTX for services that were not provided to patients, including speech therapy services and services for the treatment of swallowing and oral feeding dysfunction, and by submitting false and fraudulent claims for payment to BCBSTX for themselves and three employees of RCE for services that were not provided, including speech therapy services, swallowing treatment services, and the evaluation and management of established patient services.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means of the conspiracy included, but were not limited to the following:

12. RABON would and did own and operate a speech therapy clinic in Sugarland, Texas, named Rabon Communication Enhancement ("RCE").

13. THOMPSON would and did work at RCE as the office manager, and scheduled patient appointments and collected co-payments and other fees from the parents and guardians of RCE patients.

14. RABON would and did participate in the speech therapy evaluations of patients, provide speech therapy treatment, and sign and co-sign patient evaluations and treatment records.

15. THOMPSON would and did review TRICARE summary payment vouchers sent to RCE to determine which claims were paid, and not paid, and which claims needed to be resubmitted for payment.

16. RABON and THOMPSON would and did create and cause to be created false and fraudulent patient treatment documents to reflect services that were not provided.

17. RABON and THOMPSON would and did direct, and cause BCBSTX to send patient benefit statements intended for RCE employees to the home address of RABON.

18. RABON and THOMPSON would and did run a social skills program at RCE and submit claims to TRICARE and BCBSTX for speech therapy and swallowing treatments that the children participating in the social skills program did not receive.

19. RABON and THOMPSON would and did submit and cause to be submitted, claims for patients to TRICARE and BCBSTX for speech therapy and swallowing treatments that were not provided.

20. RABON and THOMPSON would and did submit, and cause to be submitted in the names of three RCE employees, claims to BCBSTX claims for services for speech therapy, swallowing treatments, and evaluations that were not provided.

21. RABON and THOMPSON would and did submit, and cause to be submitted in their own names, claims to BCBSTX for speech therapy, swallowing treatments, evaluations, and other services that were not provided.

22. RABON and THOMPSON would and did submit and cause to be submitted to TRICARE approximately $1,271,152.00 and to BCBSTX approximately $2,513,490.00 in false and fraudulent claims for services that were not provided, and received approximately $1,285,827.67 as payment for those claims.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

23. In furtherance of the conspiracy and to effect the objects thereof, the defendants performed and caused to be performed, among others, the overt acts set forth in Counts Two through Thirty-seven of this Indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment, in the Southern District of Texas, and elsewhere; all in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO – THIRTY-SEVEN
### Health Care Fraud: 18 U.S.C. §1347

## HEALTH CARE FRAUD

1. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 through 9 of Count One of this Indictment.

2. Beginning on or about January 21, 2009, and continuing thereafter to on or about November 11, 2013, in the Houston Division of the Southern District of Texas and elsewhere,

**REBECCA LEE RABON**
**and**
**TIFFANY NICOLE THOMPSON**

defendants herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully, execute and attempt to execute, a scheme and artifice to defraud health care benefit programs, namely TRICARE and BCBSTX, and to obtain money owned by and under the custody and control of TRICARE and BCBSTX by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

3. It was a purpose of the scheme and artifice to defraud to unlawfully enrich the defendants by submitting false and fraudulent claims for payment to TRICARE and BCBSTX

for services that were not provided to patients, including speech therapy services and services for the treatment of swallowing and oral feeding dysfunction, and by submitting false and fraudulent claims for payment to BCBSTX for themselves and employees of RCE for services that were not provided, including speech therapy services, swallowing treatment services, and the evaluation and management of established patient services.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

4. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, the Manner and Means alleged in paragraphs 12 through 22 of Count One of this Indictment.

### EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD

5. On or about the dates set forth in the Counts below, in the Houston Division of the Southern District of Texas and elsewhere,

**REBECCA LEE RABON**
**and**
**TIFFANY NICOLE THOMPSON**

defendants herein, aided and abetted by others known and unknown to the Grand Jury, did execute and attempt to execute the aforesaid described scheme and artifice to defraud TRICARE, by submitting and causing to be submitted false and fraudulent claims as set forth below:

| COUNT | Name | Claim Ending in # | Alleged Date of Service | Date Claim Received | Amount Billed Included: | Amount Paid Included: | Nature of Falsity, Included but Not Limited to: |
|---|---|---|---|---|---|---|---|
| 2 | Zack B. | xx45455 | 11/23/10 | 11/29/10 | $200 | $79.37 | CPT® 92526 not provided |
| 3 | Zack B. | xx02245 | 12/20/10 | 12/27/10 | $200 | $79.37 | CPT® 92526 not provided |
| 4 | Nehemiah B. | xx13255 | 05/03/11 | 05/05/11 | $200 | $73.06 | CPT® 92526 not provided |
| 5 | Nehemiah B. | xx14115 | 06/30/11 | 07/01/11 | $200 | $73.06 | CPT® 92526 not provided |

| COUNT | Name | Claim Ending in # | Alleged Date of Service | Date Claim Received | Amount Billed Included: | Amount Paid Included: | Nature of Falsity, Included but Not Limited to: |
|---|---|---|---|---|---|---|---|
| 6 | Joshua B. | xx19495 | 03/20/12 | 03/22/12 | $200 | $73.06 | CPT® 92526 not provided |
| 7 | Joshua B. | xx00975 | 01/29/13 | 02/11/13 | $200 | $0 | CPT® 92526 not provided |
| 8 | Javon C. | xx17295 | 09/06/11 | 09/12/11 | $200 | $36.53 | CPT® 92526 not provided |
| 9 | Javon C. | xx03855 | 09/13/11 | 09/15/11 | $200 | $36.53 | CPT® 92526 not provided |
| 10 | Noah C. | xx21935 | 01/10/13 | 03/04/13 | $200 | $63.61 | CPT® 92526 not provided |
| 11 | Sarah H. | xx56665 | 06/22/11 | 06/22/11 | $200 | $73.06 | CPT® 92526 not provided |
| 12 | Sarah H. | xx24315 | 07/04/11 | 07/07/11 | $200 | $73.06 | CPT® 92526 not provided |
| 13 | Jonathan H. | xx18895 | 08/20/12 | 08/20/12 | $200 | $63.61 | CPT® 92526 not provided |
| 14 | Jonathan H. | xx18895 | 09/05/12 | 09/10/12 | $200 | $63.61 | CPT® 92526 not provided |
| 15 | Tyrin O. | xx48265 | 07/02/12 | 07/09/12 | $200 | $63.61 | CPT® 92526 not provided |
| 16 | Tyrin O. | xx48535 | 07/19/12 | 07/23/12 | $200 | $63.61 | CPT® 92526 not provided |
| 17 | Ayden Ra. | xx16755 | 01/11/10 | 01/18/10 | $200 | $71.32 | CPT® 92526 not provided |
| 18 | Ayden Ra. | xx34465 | 06/21/10 | 08/03/10 | $200 | $73.33 | CPT® 92526 not provided |
| 19 | Ayden Ro. | xx38805 | 03/12/13 | 04/02/13 | $200 | $63.61 | CPT® 92526 not provided |
| 20 | Erik R. | xx17295 | 06/23/11 | 09/12/11 | $200 | $73.06 | CPT® 92526 not provided |
| 21 | Erik R. | xx03855 | 09/12/11 | 09/15/11 | $200 | $73.06 | CPT® 92526 not provided |
| 22 | Erik R. | xx31265 | 07/16/12 | 07/16/12 | $200 | $28.78 | CPT® 92507 not provided |
| 23 | Olivia R. | xx14615 | 10/10/12 | 10/15/12 | $200 | $63.61 | CPT® 92526 not provided |
| 24 | Olivia R. | xx51095 | 10/31/12 | 11/05/12 | $200 | $63.61 | CPT® 92526 not provided |

| COUNT | Name | Claim Ending in # | Alleged Date of Service | Date Claim Received | Amount Billed Included: | Amount Paid Included: | Nature of Falsity, Included but Not Limited to: |
|---|---|---|---|---|---|---|---|
| 25 | Cardae S. | xx06855 | 09/20/12 | 09/24/12 | $200 | $63.61 | CPT® 92526 not provided |
| 26 | Cardae S. | xx15275 | 11/05/12 | 11/05/12 | $200 | $63.61 | CPT® 92526 not provided |
| 27 | Cardae S. | xx13245 | 01/14/13 | 01/14/13 | $200 | $63.61 | CPT® 92526 not provided |
| 28 | Colton S. | xx09365 | 05/25/11 | 06/15/11 | $200 | $73.06 | CPT® 92526 not provided |
| 29 | Ivan V. | xx05085 | 09/28/10 | 10/04/10 | $200 | $79.37 | CPT® 92526 not provided |
| 30 | Ivan V. | xx02825 | 05/12/11 | 05/12/11 | $200 | $73.06 | CPT® 92526 not provided |
| 31 | Joseph Y. | xx26575 | 12/07/10 | 01/18/11 | $200 | $79.37 | CPT® 92526 not provided |
| 32 | Joseph Y. | xx46705 | 02/14/11 | 03/29/11 | $200 | $79.37 | CPT® 92526 not provided |
| 33 | Kathleen McK. | xx83350X | 03/30/13 | 04/16/13 | $200 | $48.11 | CPT® 92526 not provided |
| 34 | Miriam R.-S. | xx40F70X | 03/26/12 | 12/07/12 | $200 | $78.11 | CPT® 92526 not provided |
| 35 | Eleanor S. | xxJ6410X | 05/26/12 | 01/09/13 | $200 | $78.11 | CPT® 92526 not provided |
| 36 | Tiffany N. | xx49E90X | 11/22/12 | 11/27/12 | $200 | $78.11 | CPT® 92526 not provided |
| 37 | Rebecca R. | xx9N950X | 02/09/13 | 03/12/13 | $200 | $78.11 | CPT® 92526 not provided |

In violation of Title 18, United States Code, Sections 1347 and 2.

### C. COUNTS THIRTY-EIGHT THROUGH FORTY- TWO
### Mail Fraud, 18 U.S.C. §1341

1.  The Grand Jury re-alleges and incorporates by reference as if fully alleged herein paragraphs 1 through 9 and 12 through 22 of Count One of this Indictment related to the scheme and artifice to defraud TRICARE and BCBSTX.

2.  Beginning on or about January 21, 2009, and continuing thereafter to on or about November 11, 2013, in the Houston Division of the Southern District of Texas and elsewhere,

## REBECCA LEE RABON

defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud TRICARE and BCBSTX, and to obtain money and property from TRICARE and BCBSTX by means of materially false and fraudulent pretenses, representations and promises.

3. On or about the dates set forth in the Counts below, in the Houston Division of the Southern District of Texas, and elsewhere, for the purpose of executing and attempting to aforesaid scheme and artifice to defraud TRICARE and BCBSTX, incorporated by reference as if fully alleged herein, the defendant knowingly caused to be delivered by mail and by private or commercial interstate carrier, matter and things according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matter:

| Count | Check Number | Date Mailed | Mailed from | Mailed to | Description |
|---|---|---|---|---|---|
| 38 | 10495395 | 12/01/10 | Bank of America Atlanta, Georgia | RCE Sugarland, Texas | Tricare payment for $2,061.75 |
| 39 | 12003939 | 07/05/11 | Bank of America Atlanta, Georgia | RCE Sugarland, Texas | Tricare payment for $4,166.61 |
| 40 | 11939920 | 06/24/11 | Bank of America Atlanta, Georgia | RCE Sugarland, Texas | Tricare payment for $3,545.16 |
| 41 | 11679773 | 05/18/11 | Bank of America Atlanta, Georgia | RCE Sugarland, Texas | Tricare payment for $1,507.88 |
| 42 | 11332681 | 03/30/11 | Bank of America Atlanta, Georgia | RCE Sugarland, Texas | Tricare payment for $1,789.54 |

In violation of Title 18, United States Code Section 1341.

## D. COUNTS FORTY-THREE THROUGH FORTY- FOUR
### Aggravated Identity Theft, 18 U.S.C. §1028A

1. The Grand Jury re-alleges and incorporates by reference as if fully alleged herein paragraphs 1 through 9 and 12 through 22 of Count One of this Indictment.

2. On or about the dates set forth below, in the Houston division of the Southern District of Texas, and elsewhere,

**REBECCA LEE RABON
and
TIFFANY NICOLE THOMPSON**

Defendants herein, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud BCBSTX, did knowingly possess and use without lawful authority, a means of identification of another person, namely the name, date of birth, and BCBSTX member identification number of individuals employed at RCE, during and in relation to violations of Title 18, United States Code, Section 1347, specifically health care fraud, as set forth below:

| Count | Type of ID, included but not limited to: | Date of possession and use | Owner of ID | Nature of Unauthorized and Unlawful Use of ID, included but not limited to: |
|---|---|---|---|---|
| 43 | Name, date of birth, and BCBSTX member identification number | 04/16/13 | Kathleen McK. | Used without authorization to submit claim for payment to BCBSTX for health care services not provided |
| 44 | Name, date of birth, and BCBSTX member identification number | 12/07/12 | Miriam R.-S. | Used without authorization to submit claim for payment to BCBSTX for health care services not provided |

All in violation of Title 18, United States Code, Sections 1028A.

### FORFEITURE NOTICE
### 18 U.S.C. § 982(a)(7)

1. Pursuant to Title 18, United States Code, Section 982(a)(7), the United States give notice to defendants,

**REBECCA LEE RABON
and
TIFFANY NICOLE THOMPSON**

that upon conviction for a violation of 18 U.S.C. §§ 1347 and 1349 (related to federal health care offenses), all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, shall be forfeited to the United States, including at least $1,285,827.67 in United States currency.

## FORFEITURE NOTICE
## 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

2. Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendants,

**REBECCA LEE RABON**
**and**
**TIFFANY NICOLE THOMPSON**

that upon conviction for a violation of 18 U.S.C. § 1341 (mail fraud), all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, shall be forfeited to the United States.

## MONEY JUDGMENT

3. Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the defendants may be jointly and severally liable. The amount is estimated to be, but is not limited to, approximately $1,285,827.67 in United States dollars.

## SUBSTITUTE ASSETS

4. In the event that the property subject to forfeiture, as a result of any act or omission by any defendant,

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value, or

e. has been comingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

.

A TRUE BILL

Original Signature on File

_____
FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
JULIE M. REDLINGER
ASSISTANT UNITED STATES ATTORNEY